**THOMPSON LAW, LLC**
Colin M. Thompson, Esq.
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for U.S.A. Fanter Corporation, Ltd.*

FILED
Clerk
District Court

JAN 30 2020

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

CV 20-00003

| | |
|---|---|
| U.S.A. FANTER CORPORATION, LTD., | Case No. 1:20-CV-_____ |
| Plaintiff, | |
| vs. | |
| IMPERIAL PACIFIC INTERNATIONAL (CNMI), | COMPLAINT |
| Defendant. | |

**COMES NOW**, the Plaintiff, U.S.A. Fanter Corporation, Ltd., by and through counsel, alleges as follows:

### INTRODUCTION

This lawsuit is filed by U.S.A. Fanter Corporation, Ltd. ("**Plaintiff**" or "**USA Fanter**") against Imperial Pacific International (CNMI), LLC ("**Defendant**" or "**IPI**") for breach of construction contract. USA Fanter was a contractor hired by IPI to construct landscaping improvements for IPI's hotel-casino development project, located in Garapan, Saipan. USA Fanter stopped work on this project because IPI refused to pay the amount owed to USA Fanter for work completed under the construction contract. USA Fanter is entitled to damages of Two Million Eighty-Nine Thousand Three Hundred

Forty-Five and twenty-eight cents USD ($2,089,345.28 USD), plus interest, attorneys' fees and a mechanic's lien against the real property occupied by the hotel-casino. USA Fanter endeavored in good faith to resolve this dispute prior to filing this case. IPI refused to honor its obligation to USA Fanter. Therefore, USA Fanter seeks enforcement in the United States District Court for the Northern Mariana Islands.

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) as this case is between a citizen of a State and a citizen of a foreign state and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

2. Venue in the Northern Mariana Islands District is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District and the subject contract and promissory note were executed in the District.

## **PARTIES**

3. At all relevant times, Plaintiff, USA Fanter Corporation, Ltd., is and was a corporation duly formed, incorporated and existing under the laws of the Commonwealth of the Northern Mariana Islands.

4. At all relevant times, USA Fanter Corporation, Ltd., is and was a licensed construction contractor in the CNMI; License No. 2566-0005-02.

5. At all relevant times, USA Fanter Corporation, Ltd.'s principal place of business was and is in Saipan, CNMI.

6. At all relevant times, USA Fanter Corporation, Ltd. is and was a citizen of the CNMI for purposes of diversity jurisdiction.

7. At all relevant times, Defendant, Imperial Pacific International (CNMI), LLC, is and was a limited liability company, duly formed and existing under the laws of the CNMI.

8. At all relevant times, Best Sunshine International Limited is and was the sole member of Imperial Pacific International (CNMI), LLC.

9. At all relevant times, Best Sunshine International Limited is and was a company with limited liability formed under the laws of the British Virgin Islands.

10. At all relevant times, Best Sunshine International Limited is and was a "citizen or subject" of the British Virgin Islands.

11. At all relevant times, Best Sunshine International Limited is and was a "citizen or subject" of the Hong Kong Special Administrative Region of the People's Republic of China.

12. At all relevant times, Imperial Pacific International (CNMI), LLC is and was a citizen of the British Virgin Islands for purposes of diversity jurisdiction.

13. At all relevant times, Imperial Pacific International (CNMI), LLC is and was a citizen of the Hong Kong Special Administrative Region of the People's Republic of China for purposes of diversity jurisdiction.

## FACTS

14. Plaintiff incorporates by reference as if alleged in full, the allegations in paragraphs 1 through 13 inclusive.

15. This case arises from the construction of landscaping improvements for the hotel-casino complex known as the Imperial Pacific Resort (the "Project").

16. The Project is located in Garapan, Saipan, CNMI.

17. On or about June 18, 2019, USA Fanter and IPI executed a written contract for construction (the "Contract") on the Project.

18. Pursuant to the terms and conditions of the Contract, USA Fanter agreed to perform the Work[1] provided for in the Contract.

19. On or about June 20, 2019, USA Fanter began its Work on the Project.

20. USA Fanter performed all Work pursuant to the Contract in a safe manner.

21. USA Fanter performed all Work pursuant to the Contract in a workmanlike manner.

22. USA Fanter performed all Work pursuant to the Contract competently according to accepted industry standards.

23. Section 14.1 of the Contract permitted USA Fanter to terminate the Contract for convenience.

24. On or about January 27, 2020, USA Fanter delivered Notice of Termination.

25. Two Million Eighty-Nine Thousand Three Hundred Forty-Five and twenty-eight cents USD ($2,089,345.28 USD) remains due and owing from IPI to USA Fanter for Work performed pursuant to the Contract.

26. USA Fanter repeatedly demanded that IPI pay all amounts due and owing for work performed pursuant to the Contract.

27. IPI failed to pay USA Fanter for work performed pursuant to the Contract.

---

[1] All capitalized terms not otherwise defined in this Complaint shall have the meanings ascribed to them in the Contract.

28. Despite repeated requests for payment, IPI failed and refused to pay USA Fanter the balance due and owing pursuant to the provisions of the Contract.
29. USA Fanter expressly invoked the Dispute Resolution clause in the Contract on December 16, 2019.
30. USA Fanter expressly invoked the Dispute Resolution clause in the Contract after failed negotiations to resolve the payment dispute.
31. USA Fanter expressly invoked the Dispute Resolution clause in the Contract after IPI refused to negotiate in good faith.
32. USA Fanter and IPI met to discuss the unpaid balance if their claims were unresolved as of December 22, 2019.
33. USA Fanter and IPI were not able to resolve USA Fanter's dispute.
34. On December 29, 2019, USA Fanter demanded to mediate their claims.
35. IPI refused to mediate USA Fanter's claims.
36. USA Fanter satisfied or is excused from all contractual prerequisites of the Contract prior to filing this Complaint including all dispute resolution obligations.
37. Pursuant to the terms and conditions of the Contract, IPI is obligated to pay USA Fanter's attorneys' fees and such expenses as are actually incurred to induce or compel the payment of the Contract, including costs of filing suit and reasonable attorneys' fees.

## FIRST CAUSE OF ACTION

### Breach of Contract (Construction Contract)

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 of this Complaint as if alleged in full.

39. At all relevant times hereto, the Contract was a valid and enforceable agreement between USA Fanter and IPI.

40. USA Fanter fully and completely performed all of its obligations pursuant to the Contract.

41. IPI materially breached the Contract by failing to make full payment to USA Fanter for Work performed on the Project, as required by the terms of the Contract.

42. As a direct and proximate result of such breach, Plaintiff has been damaged in the amount of approximately Two Million Eighty-Nine Thousand Three Hundred Forty-Five and twenty-eight cents USD ($2,089,345.28 USD) plus consequential damages, interest, costs and attorneys' fees.

43. USA Fanter satisfied or is excused all contractual prerequisites prior to filing this Complaint.

## SECOND CAUSE OF ACTION

### In the Alternative, Unjust Enrichment / Quantum Meruit

44. Plaintiff realleges and incorporates by reference paragraphs 1 through 43 of this Complaint as if alleged in full.

45. In the event that the Court determines that any of the work, services or materials furnished by USA Fanter during the construction on the Project is

outside of that which was required by the Contract, or in the event that the Court determines that the Contract or any part thereof is unenforceable, or for any other reason USA Fanter is unable to maintain its action based upon breach of contract, then USA Fanter seeks payment for such work, services and materials performed on or provided to the Project on the basis of quantum meruit and/or unjust enrichment.

46. At the request of and for the benefit of IPI, USA Fanter furnished work, services and materials to IPI for construction on the Project.

47. At all times relevant hereto, IPI knew or was aware that USA Fanter was furnishing work, services, and materials to Defendant for construction on the Project.

48. The work, services and materials USA Fanter provided IPI for construction on the Project directly benefited IPI.

49. USA Fanter submitted requisitions for payment to IPI and IPI was reasonably notified and therefore knew or should have known that USA Fanter, in providing the work, services and materials requested, expected to be paid by IPI.

50. USA Fanter conferred a substantial benefit upon IPI by supplying the work, services and materials requested by IPI and is entitled to be compensated for the reasonable value thereof.

51. Despite USA Fanter's requests and demands for payment, IPI has not paid USA Fanter for the entire fair value of the work, services and materials provided, in an amount of which is to be proven at trial.

52. Absent full payment to USA Fanter on account of the work, services and materials provided to the Project, IPI will have been unjustly enriched by an amount of which is to be proven at trial.

## PRAYER FOR RELIEF

53. Plaintiff prays for the following relief from the Court:

   a. For Contract Damages in the amount of approximately Two Million Eighty-Nine Thousand Three Hundred Forty-Five and twenty-eight cents USD ($2,089,345.28 USD) to be proven at trial;

   b. For USA Fanter Corporation, Ltd.'s mechanic's lien in the amount not less than $2,089,345.28 to be established and to remain a lien of record;

   c. For USA Fanter Corporation, Ltd.'s mechanic's lien to attach to IPI's interests in the improvement and real property on the Project;

   d. Decree for the foreclosure of the lien;

   e. For an order against Imperial Pacific International (CNMI), LLC for the real property interests to which the mechanic's lien is attached be sold in accordance with law, and the proceeds of the said sale be applied to the payments of the balance due upon the judgment;

   f. For an order that Imperial Pacific International (CNMI), LLC and all persons claiming under it or any of them subsequent to the attachment of the mechanic's lien, either as purchasers, encumbrancers, lien holders, or otherwise, be barred and foreclosed of all right, claim or equity of redemption or other interest in said real property or any part thereof;

g. For an order that USA Fanter Corporation, Ltd. may be a purchaser at said sale and that purchaser be let into possession upon the sale of the premises;

h. For the sum certain amount of $2,089,345.28 USD due under the Contract;

i. For Consequential damages;

j. For pre and post-judgment interest as allowed by law;

k. For attorneys' fees and costs;

l. In the alternative, for restitution in order to prevent unjust enrichment; and

m. For such other and further relief as the Court may afford and to which USA Fanter Corporation, Ltd. is entitled under law or equity as the Court deems just.

Dated this 30th day of January, 2020

*/s/ Colin M. Thompson*
**THOMPSON LAW, LLC**
Colin M. Thompson, Esq.
*Attorney for USA Fanter Corporation, Ltd.*