F I L E D
Clerk
District Court
APR 23 2020
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| U.S.A. FANTER CORPORATION, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, <br><br> Defendant. | Case No. 20-cv-00003 <br><br> **DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant Imperial Pacific International (CNMI), LLC ("IPI")'s motion to dismiss the complaint for failure to mediate, or in the alternative, for a stay (ECF No. 11). Plaintiff U.S.A. Fanter Corporation, LTD ("USA Fanter") filed an opposition (ECF No. 14), to which IPI filed a reply (ECF No. 31). The Court held a motion hearing on April 14, 2020 (Minute Entry, ECF No. 32). Having reviewed the briefs, heard the arguments of counsel, and considered the applicable law, the Court announced its decision denying the motion to dismiss, and granting IPI's alternative motion to stay this case so that the parties can mediate. The Court now enters its written decision in support of its order.

## I.     Background

On June 18, 2019, IPI hired USA Fanter to construct landscaping improvements at its hotel-casino complex in Saipan. (Complaint ¶¶ 15, 17, ECF No. 1.)[1] Article 20.1 of the parties' construction contract contained a dispute resolution clause requiring "good faith negotiation and/or mediation as a condition precedent to binding dispute resolution." (Contract at 15, ECF No. 11-2.) This clause elaborated that "representatives of each party who have authority to settle" any dispute arising under the contract "shall meet at a mutually acceptable time and place within seven (7) calendar days after the date of the disputing party's notice . . . to attempt to resolve the dispute." (*Id.* at 15–16.) Article 20.2 added: "If good faith negotiations are not successful, the parties shall endeavor to resolve their disputes by mediation." (*Id.* at 16.)

USA Fanter began the landscaping work on June 20, 2019. (Complaint ¶ 19.) USA Fanter repeatedly billed IPI for the project's completed stages, but IPI refused to pay. (*Id.* ¶ 26–28.) On December 16, 2019, USA Fanter sent IPI a written notice of dispute concerning nonpayment of its progress billings pursuant to the contract. (Dec. 16 Letter, ECF No. 11-3.) The letter expressly invoked the dispute resolution clause and requested that the two sides meet to negotiate a solution. (*Id.* at 1.) Representatives from both sides met at a coffee shop on December 22. (Jan. 24 Letter at 1, ECF No. 11-4.) Company president Steve Qian and consultant Tony Muna appeared for USA Fanter, with full

---

[1] At this stage, the Court draws all facts from either the complaint or other documents referenced in it, *e.g.*, the construction contract and letters from USA Fanter to IPI. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may [] consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting [a] motion to dismiss into a motion for summary judgment.").

power to negotiate as its agents. (*Id.*) IPI, on the other hand, sent its CFO Ed Chen, who informed Qian and Muna that he had no authority to negotiate and was only there to listen. (*Id.*)

At the meeting, USA Fanter made a demand for payment, which IPI agreed to answer by December 29 at the latest. (*Id.*) USA Fanter further informed IPI that, if the parties did not reach an agreement by December 29, it wanted to engage in mediation immediately. (*Id.*) Despite IPI's promise to respond by December 29, it never did so. (*Id.*) Eventually, USA Fanter sent IPI a second a letter on January 24, 2020, warning that USA Fanter would be filing a lawsuit due to IPI's refusal to negotiate or mediate in good faith. (*Id.*) Three days later, USA Fanter sent IPI a notice of termination of the contract. (Complaint ¶ 24.) USA Fanter ultimately filed this lawsuit on January 30, 2020.

IPI now claims that USA Fanter breached the dispute resolution clause by filing this lawsuit before the parties first engaged in mediation. (Motion at 1–2.) IPI moves to either dismiss the complaint or stay this case pending mediation. (*Id.*) USA Fanter counters that a good faith negotiation in lieu of mediation—which it attempted at the December 22 meeting—was enough to satisfy the dispute resolution clause. (Opposition at 10–15.) USA Fanter further argues that, even if mediation was a condition precedent, it did endeavor to mediate before filing suit but IPI resisted. (*Id.* at 15–16.) USA Fanter also states that it is still open to mediation provided IPI participates in good faith. (*Id.* at 17.)

## II.  Legal Standard

To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

3

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must take all factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The factual allegations need not be detailed, but a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

"The consensus among district courts is that failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal under Rule 12(b)(6)." *Franke v. Yates*, No. 19-CV-00007-DKW-RT, 2019 WL 4856002, at *5 (D. Haw. Oct. 1, 2019) (internal quotation marks omitted) (collecting cases). Alternatively, a court may opt to stay the case to allow for mediation. *See Kee Action Sports, LLC v. Shyang Huei Indus. Co.*, No. 3:14-CV-00071-HZ, 2014 WL 2506496, at *4 (D. Or. June 2, 2014) (denying a motion to dismiss for failure to mediate but finding "that in the interest of judicial economy and efficiency, the case should be stayed pending the parties' conclusion of mediation"). Whether a contract contains a condition precedent is a purely a question of contract interpretation. *Franke*, 2019 WL 4856002 at *5 (applying Hawaiian law).

### III.   Discussion

As an initial matter, the Court must determine whether the landscaping contract included a condition precedent requiring the parties to mediate before filing a lawsuit. Federal courts apply state law to questions of contract interpretation. *In re Cty. of Orange*, 784 F.3d 520, 530 (9th Cir. 2015) ("rules of contract interpretation and construction are plainly substantive under *Erie*"). "Under Commonwealth law, the interpretation of a contract relates to the ascertainment of its meaning, and the intent of the contracting parties is generally presumed to be encompassed by the plain language of

4

the contract terms." *Commonwealth Ports Auth. v. Tinian Shipping Co. Inc.*, 2007 MP 22 ¶ 15 (cleaned up). "[T]he language in a contract is to be given its plain grammatical meaning unless doing so would defeat the parties' intent." *Id.* at ¶ 17. In interpreting a contract, a court should look within the four corners of the document. *Id.* Only if the terms of the contract are ambiguous should a court look to extrinsic evidence to determine the parties' intent. *Riley v. PSS*, 4 N.M.I. 85, 1994 WL 111129, at *2 (1994). "Although conditions are not favored in the law, [Commonwealth courts] may construe a contract term as a condition if the parties unambiguously require such construction." *Manglona v. Baza*, 2012 MP 4 ¶ 28. In *Franke*, the District Court of Hawaii considered two factors to determine if mediation is a condition precedent: (1) did the agreement address the filing of a lawsuit, and (2) did it state that mediation must take place first. *Franke*, 2019 WL 4856002 at *5.

      IPI asserts that the contract's language clearly requires the parties to mediate prior to filing a lawsuit. USA Fanter, by contrast, argues that the contract is ambiguous. It points out that Article 20.1 requires "negotiation *and/or* mediation" whereas Article 20.2 says "the parties *shall* endeavor" to mediate if negotiations are unsuccessful. (Contract at 15 (emphasis added).) Under USA Fanter's interpretation, "and/or" means either "negotiation and mediation" or "negotiation or mediation." Therefore, both are not required. The Court agrees with USA Fanter's conclusion, not because the contract language is ambiguous, but rather for the opposite reason. Article 20 clearly contemplates good faith negotiations as the first step, then mediation as the second step if those negotiations are unsuccessful. If negotiations are fruitful, mediation is not required (hence, the "or"); if they are not, mediation is mandatory (hence, the "and"). Moreover, the contract explicitly states negotiation and/or mediation are "a *condition precedent* to binding dispute resolution." (Contract at 15 (emphasis

5

added).) This language demonstrates the parties' intent to require good faith negotiations, followed by mediation if the parties cannot negotiate a resolution, prior to binding dispute resolution.

USA Fanter next construes "binding dispute resolution" to mean only the final judgment in a civil suit. The Court, however, disagrees with that interpretation. Such interpretation would allow a party to satisfy the condition precedent by filing suit prior to endeavoring mediation or engaging in good faith negotiations. But doing so defeats the entire purpose of a dispute resolution clause—to avoid drawn out, expensive litigation whenever possible. Accordingly, this Court concludes that the contract did impose a condition precedent to filing this lawsuit. The Court now turns to the factual question of whether USA Fanter satisfied that condition. Based on all the facts presented by IPI's exhibits and the allegations in the Complaint, it finds that USA Fanter did.

Article 20.1 required IPI and USA Fanter to attempt in good faith to resolve the payment dispute "by negotiations between representatives of each part who have authority to settle the controversy." (Contract at 15.) Additionally, the parties' representatives had to meet within seven days of USA Fanter's December 16 letter to IPI. (*Id.* at 16.) USA Fanter complied by sending two representatives with full negotiating authority to the December 22 meeting. (Jan. 24 Letter at 1.) IPI, by contrast, did not participate in good faith. It too had a duty to send a representative with full negotiating authority. Yet the person IPI dispatched claimed no such authority and did not extend any settlement offer at the meeting. (*Id.*) IPI moreover promised to respond to USA Fanter's payment demand by December 29. (*Id.*) However, not only did IPI fail to respond to USA Fanter's demand by that date, it did not even request more time.

Additionally, USA Fanter notified IPI that it wanted to immediately mediate if an agreement was not reached by December 29. (Jan. 24 Letter at 1.) Thus, USA Fanter also complied with Article 20.2's mandate that "if good faith negotiations are not successful, the parties shall endeavor to resolve their disputes by mediation." (Contract at 16.) But IPI ignored USA Fanter's demand for mediation, just as it had ignored USA Fanter's demand for payment. (*Id.*) A month after the parties' attempt at negotiation, USA Fanter gave notice to IPI that it intended to file suit, reiterating that IPI failed to respond to its payment demand made at their negotiation meeting, and to its request to mediate. (*Id*.) Facing an imminent lawsuit, IPI could have finally agreed to mediate. However, it again ignored USA Fanter's notice. As a result, USA Fanter filed this lawsuit one month after first demanding mediation and receiving no response. Based on these facts, it is indisputable that the parties' failure to mediate was IPI's doing, not USA Fanter's. IPI, having failed to (1) send a person with authority to negotiate in good faith at the December 22 meeting, (2) answer USA Fanter's demand for payment by the December 29 deadline, (3) respond to USA Fanter's request for immediate mediation in the event its payment demand went unsatisfied, and (4) endeavor to mediate after USA Fanter gave notice on January 24 of its intent to file a suit, cannot now force USA Fanter into mediation before pursuing its rights in court. The contract applies to both parties, and the side that refused to obey the dispute resolution clause cannot use that same provision to deny the other side access to the courts.

The Court also notes that filing suit was a time-sensitive matter for USA Fanter. After ceasing work on the project and delivering IPI a notice of termination on January 27, 2020, USA Fanter had only 60 days to file this lawsuit and demand a mechanic's lien. 4 CMC § 5803(c). Otherwise, USA Fanter could not have obtained a mechanic's lien on the improvements it made to the hotel-casino. *Id.*

7

Thus, with IPI unwilling to negotiate the dispute in good faith, waiting was not an option. Accordingly, this Court finds that USA Fanter satisfied the contract's condition precedent by negotiating in good faith and endeavoring to mediate before filing suit.[2]

Of course, a past failure to mediate should not discourage future attempts at it. Both parties agreed at the April 14 hearing to a 30-day stay to allow them a renewed opportunity to settle this case. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Kee Action Sports, LLC*, 2014 WL 2506496, at *4. Because both parties support briefly staying this case to allow them to mediate, the Court finds that a stay is in the interests of judicial economy and fairness to the parties.

///

//

/

---

[2] Having found the condition precedent satisfied, the Court need not address the remaining arguments in USA Fanter's opposition.

### IV.   Conclusion

For the forgoing reasons, the Court ORDERS as follows:

1. IPI's motion to dismiss is DENIED.

2. This case is STAYED until May 14, 2020. During that time, the parties shall attempt in good faith to mediate a settlement.

3. All deadlines in this case remain as previously set.

IT IS SO ORDERED this 23rd day of April, 2020.

_____
RAMONA V. MANGLONA
Chief Judge