F I L E D
Clerk
District Court
JAN 04 2022
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| U.S.A. FANTER CORPORATION, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, <br><br> Defendant. | Case No. 1:20-cv-00003 <br><br> **DECISION & ORDER GRANTING:** <br><br> 1. **DEFENDANT'S MOTION TO STAY JUDGMENT PURSUANT TO FRCP 62(b) AND 60(b) (ECF NO. 194);** <br> 2. **STIPULATION TO STAY JUDGMENT (ECF NO. 202);** <br> 3. **STIPULATION TO MOOT BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION TO FORECLOSE MECHANIC'S LIEN (ECF NO. 203); AND** <br> 4. **DEFENDANT'S MOTION TO APPROVE SUPERSEDEAS BOND AND STAY EXECUTION OF JUDGMENT PENDING APPEAL (ECF NO. 206)** |

Plaintiff U.S.A. Fanter Corporation, Ltd. ("USA Fanter") and Defendant Imperial Pacific International (CNMI), LLC ("IPI") have submitted various filings involving the limited receivership in this matter. Pending before the Court are: (1) IPI's Motion to Stay Judgment Pending Appeal Under Fed. R. Civ. P. 62(b), (c) and Motion for Relief Under Fed. R. Civ. P. 60(b) (ECF No. 194); (2) the parties' Stipulation Regarding Motion to Stay Judgment Pending Appeal (ECF No. 202); (3) the parties' Stipulation to Moot or Extend Time for Briefing Schedule for Plaintiff's Motion to Foreclose Mechanic's Lien (ECF No. 203); and (4) IPI's Motion to Approve Supersedes Bond, Stay Execution

of the Judgment Pending Appeal, and Stay Receivership (ECF No. 206). For the reasons below, the Court GRANTS all four motions and stipulations.[1]

I. PROCEDURAL BACKGROUND

The Court adopts much of the procedural history described in its previous decision granting the limited receivership (ECF No. 166) and includes additional facts as necessary herein.

USA Fanter's motion for a limited receivership was granted based on IPI's non-opposition, USA Fanter's briefs and supporting documents, and the proposed receiver's testimony. (Min., ECF No. 119.) Regarding its non-opposition, IPI indicated that it did not see the casino gaming machines as integral to its future operations. (ECF No. 166 at 1 n.1.) IPI additionally informed the Court that it had reviewed USA Fanter's proposed terms of the receivership and made substantial changes prior to its submission to the Court. (*Id.*) Consequently, the motion for a limited receivership was granted and the terms of the receivership dictated that "[t]he first auction shall be held on November 30, 2021 with an auction to be held every 30 days thereafter with the final auction to take place no later than April 29, 2022." (*Id.* at 17 ¶ C(2).) Regarding costs, the receiver would be paid 10% of all sales proceeds together with reimbursement of various expenses including flights and lodging for technical experts, repairs, and other such fees. (*Id.* at 17-18.)

Other creditors were also contemplated in the Court's receivership order, most notably the

---

[1] Also pending before the Court is Other Creditors' Motion to Amend the Order Concerning the Limited Receivership (ECF No. 204). This Order applies only as to Plaintiff USA Fanter, not to the plaintiffs in *Wang et al. v. IPI*, Civil Case No. 1:18-cv-00030 and *Ping Shun Corp. v. IPI*, Civil Case No. 1:20-cv-00012.

plaintiffs from two other cases: *Wang, et al. v. IPI,* Civ. Case No. 1:18-cv-00030 and *Ping Shun Corp. v. IPI,* Civ. Case No. 1:20-cv-00012 ("Other Creditors"). Specifically, it was acknowledged that these Other Creditors could "file a motion or submit a stipulation requesting the Court amend this Order to increase the amount that the Receiver will aim to collect from the amount of the Judgment to the total amount owed to all three Judgment Creditors." (*Id*. at 19.) These Other Creditors were to work together to determine an "equitable distribution of the proceeds" but if no agreement were reached, any of the creditors could file a motion for the Court to determine the distribution of proceeds. (*Id*.) Importantly, "[t]he Other Creditors do not waive any rights by not filing their own motion to sell the casino gaming equipment or by deferring the assertion of any rights until alter in this process." (*Id*.)

On November 22, 2021—approximately a week before the first auction was to take place—IPI moved the Court to vacate or stay the receivership.[2] (ECF No. 167.) IPI represented that it had a substantial amount of funds available from a source separate and apart from IPI to satisfy the judgment in this matter. Specifically, IPI argued that the full amount could be placed "into a restricted account designated by [USA Fanter] or this Court" as the Court did in another case involving IPI. (ECF No. 167-1 at 2.) IPI urged the Court to grant its motion to ensure "that IPI's assets are not sold in the midst of economic conditions that would prevent all interested parties from receiving the full and fair value for those assets." (*Id*.) USA Fanter opposed IPI's motion arguing that the detriment to IPI would not be as severe and IPI failed to address the controlling factors governing a federal equity receivership and a stay of enforcement of judgment. (ECF No. 176 at 2.)

---

[2] Coincidentally, on the same day, USA Fanter moved to foreclose on its mechanic's lien against IPI. (ECF No. 169.)

A hearing on IPI's motion was held a few days later, at which time the Court denied IPI's motion to vacate and denied without prejudice IPI's motion to stay the receivership. (Min., ECF No. 184.) The Court, however, specifically informed IPI that it could renew its motion and reconcile Federal Rule of Civil Procedure 62(b) governing automatic stays based on a bond or other security with Rule 62(c)'s prohibition on stays of receiverships. (*Id*.) The Court also admonished IPI that it must provide evidence of the source of its funds and securities; a mere promise without evidence would be insufficient.

The Other Creditors were also present, and those creditors argued against the motion to stay pointing out the particular efforts those creditors invested in aiding the receivership. Nevertheless, the Court instructed IPI that it could renew its motion before the first auction was to take place on November 30. A hearing pending IPI's renewed motion was scheduled for November 29, 2021.

At approximately 1:15 p.m. on November 29, 2021, IPI submitted its renewed Motion to Stay Judgment Pending Appeal Under Fed. R. Civ. P. 62(b) and (c) and Motion for Relief Under Fed. R. Civ. P. 60(b). (ECF No. 194.) This time, IPI included two declarations: (1) a declaration from the Chief Operating Officer of the Hughes Hubbard & Reed LLP law firm indicating that IPI's "non-interest bearing client trust account contains $1,899,979.00" (ECF No. 194-2); and (2) a declaration from Hong Kong based DFK Limited's finance manager Wang Long indicating that DFK transferred the approximate USD $1.9 million to the Hughes law firm and that another USD $300,000 would be sent to the firm within the next five days (ECF No. 194-3). Additionally, Long declared that "DFK is not owned by IPI and IPI does not own DFK. DFK is a separate and independent business entity from IPI." (*Id*. at ¶ 5.)

A hearing was held three hours later at which time the Court addressed IPI's renewed motion to stay on shorten time. (Min., ECF No. 197.) USA Fanter indicated its opposition to IPI's offer, while IPI urged the Court to stay the receivership and noted its willingness to work with the various creditors to come to an amicable resolution of their judgments pending appeal. As to the motion to stay judgment pending appeal pursuant to Federal Rule of Civil Procedure 62(b), the Court took the matter under advisement. The Court noted that while Rule 62(b) allows a party to obtain a stay by providing a bond or security at any time after judgment is entered, IPI did not provide sufficient evidence of an acceptable bond to satisfy the mandates of Rule 62(b). As to the motion to stay a receivership pursuant to Federal Rule of Civil Procedure 62(c) and the motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Court granted a temporary stay of the receivership so that the parties could meet and confer on a resolution for. The Court informed IPI that it had until December 8, 2021 Chamorro Standard Time to file a stipulation with USA Fanter detailing the parameters of an acceptable security. Should the parties fail to come to some agreement, the sale under the limited receivership would go forward on December 31, 2021.

The parties timely filed a stipulation per the Court's order indicating that IPI would post a supersedeas bond for $2.45 million as surety on or before December 15, 2021. (ECF No. 202.) If IPI fulfilled its promise, USA Fanter would not oppose a stay of enforcement in this action, including a stay of the receivership "as well as any enforcement of a writ of attachment or mechanic[']s lien." (ECF No. 202 at 1 ¶ 3.)

On December 13, 2021, IPI filed its Notice of Satisfaction of Conditions informing the Court

that it had posted a supersedeas bond in the amount of $2.45 million.[3] (ECF No. 205.) IPI additionally attached as an exhibit the supersedeas bond reflecting that Suretec Insurance Company, a duly U.S. Department of Treasury Bureau of the Fiscal Service Certified Surety Company, had undertaken $2.45 million as a supersedeas bond. (ECF No. 205-1.) IPI thus moved the Court to stay the judgment pending appeal as well as the receivership. (ECF No. 206.)

The matter came on for a hearing on December 17, 2021 at which time the Court granted IPI's motion to stay the USA Fanter's judgment pending appeal based on IPI's satisfaction of its bond obligations pursuant to Fed. R. Civ. P. 62(b). However, the Other Creditors were present and sought to step into the shoes of USA Fanter as to the limited receivership. Based on the discussions with those parties, the Court stayed the receivership as to the Other Creditors through January 2022.

## II.     LEGAL STANDARD & DISCUSSION

Rule 62(b) of the Federal Rules of Civil Procedure allows for a party to stay proceedings "*any time* after judgment is entered . . . by providing a bond or other security." (Emphasis added.) Local Rule 62.1 requires that every bond for costs must have as surety either "a cash deposit equal to the amount of the bond" or "a corporation authorized by the Secretary of Treasury of the United States to act as surety on official bonds[.]"

Here, IPI has fulfilled its promise to secure a bond totaling $2,450,000.00. (ECF No. 213-1.) The parties have stipulated that should IPI comply, USA Fanter would agree that this bond "shall constitute sufficient security and shall not oppose a stay of enforcement in this action, including a

---

[3] IPI subsequently submitted an amended supersedeas stay bond to reflect that the Surety submits to the jurisdiction of the Ninth Circuit and this Court. (ECF No. 213-1.)

motion to stay the receiver . . . as well as any enforcement of a writ of attachment or mechanic[']s lien." (ECF No. 202 at 1 ¶ 3.) Furthermore, this bond has been secured by Suretec Insurance Co., "a duly U.S. Department of the Treasury Bureau of the Fiscal Service Certified Surety Company[.]" (ECF No. 213-1.) This satisfies the mandates of Local Rule 62.1. Consequently, given the stipulation between USA Fanter and IPI, the satisfaction of posting a bond, and the compliance with the Local Rules, the Court finds that a stay of judgment pending appeal pursuant to Federal Rule of Civil Procedure 62(b) is warranted. All means of satisfaction of judgment by USA Fanter—including a foreclosure of the mechanic's lien—is hereby stayed.[4]

      The Court further finds that USA Fanter, having received a sufficient bond secured by IPI, has no further interest in the limited receivership. Consistent with the relief afforded via Rule 62(b), the Court finds that the receivership as applied to USA Fanter is stayed. Federal Rule of Civil Procedure 60(b) states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on a number of circumstances including that the "judgment has been satisfied, released, or discharged" or "any other reason that justifies relief." Here, because IPI has fulfilled its bond obligations, the Court finds that relief under Rule 60(b) is appropriate in this case. This decision does not, however, dissolve the receivership as it applies to the Other Creditors just yet.

//

---

[4] IPI submitted a Notice of Defendant's Reservation of Right to File Opposition to Plaintiff's Motion to Foreclose Mechanic's Lien (ECF No. 220). It argues that USA Fanter has yet to withdraw its motion to foreclose on the mechanic's lien and therefore IPI reserves its right to oppose any such motion. However, as discussed in this Order, because the stay of judgment pending appeal is granted, USA Fanter's motion to foreclose the mechanic's lien is hereby deemed withdrawn. (*See* Stipulation to Moot or Extend Time for Briefing Schedule for Plaintiff's Mot. to Foreclose Mechanic's Lien, ECF No. 203 at ¶ 1).

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS:

(1) IPI's Motion to Stay Judgment Pending Appeal Under Fed. R. Civ. P. 62(b), (c) and Motion for Relief Under Fed. R. Civ. P. 60(b) (ECF No. 194);

(2) the parties' Stipulation Regarding Motion to Stay Judgment Pending Appeal (ECF No. 202);

(3) IPI's Motion to Approve Supersedeas Bond, Stay of Execution of the Judgment Pending Appeal, and Stay Receivership (ECF No. 206). Specifically, the Court finds that IPI has fulfilled its obligation to satisfy the bond requirements under Rule 62(b) and Local Rule 62.1 and therefore a stay of USA Fanter's judgment pending appeal is appropriate. Further, because all means of satisfaction of judgment are now stayed, relief from the limited receivership as applied to this case is warranted; and

(4) the parties' Stipulation to Moot or Extend Time for Briefing Schedule for Plaintiff's Motion to Foreclose Mechanic's Lien (ECF No. 203). Because the bond has been satisfied pursuant to Rule 62(b), all means of judgment including foreclosure of a mechanic's lien is now stayed. Therefore, USA Fanter's Motion to Foreclose Mechanic's Lien (ECF No. 169) is now deemed withdrawn and/or moot.

IT IS SO ORDERED this 4th day of January, 2022.

_____
RAMONA V. MANGLONA
Chief Judge