**Richard C. Miller, F0458**
**BANES, HOREY, BERMAN, & MILLER, LLC**
**Second Floor, Marianas Business Plaza**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**
*Attorney for Angel Playing Cards U.S.A., Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **U.S.A. FANTER CORPORATION, LTD.,** ) | Case No. 1:20-CV-00003 |
| ) | |
| Plaintiff, ) | **STIPULATION TO REPURCHASE AND** |
| ) | **PETITION TO CONFIRM SALE** |
| v. ) | |
| ) | |
| **IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,** ) | Judge: Ramona V. Manglona, C.J. |
| ) | Date: n/a |
| ) | Time: n/a |
| Defendant. ) | |
| ) | |

This stipulation is in regard to an agreement between the court-appointed limited receiver Clear Management Group ("Clear Management") and Angel Playing Cards U.S.A., Inc. ("Angel") for Angel to repurchase all 201 Super Angel Eye dealing shoes in the custody and control of Clear Management at the unit price of $1,500.00, for a total of $301,500.00, and to repurchase all decks of Angel playing cards in Clear Management's possession, the precise number of which remains to be determined, at the unit price of $0.10 per deck.

Angel, Clear Management, and the plaintiffs in *Wang v. Gold Mantis Construction Decoration (CNMI), LLC,* Case No. 1:18-cv-00030 (D. N. Mar. I.) (the *"Wang* Plaintiffs") (together, the "Parties") stipulate as follows:

1. Angel previously sold a series of products to Defendant Imperial Pacific International (CNMI), LLC ("IPI"), including dealing shoes and playing cards.

2. On October 26, 2021, the Court appointed Clear Management as limited receiver to take possession of and sell at auction IPI's casino gaming equipment. (Memo. Decision, ECF No. 166.)

3. The casino property subject to sale by Clear Management includes 201 units of Super Angel Eye automatic dealing shoes.

4. In a motion (ECF No. 175) to enjoin the auction of Angel products, Angel asserted that IPI acquired only a right to use Angel products and that, therefore, Clear Management cannot transfer title to Angel products to purchasers at auction.

5. At a hearing on November 29, 2021, the Court stayed the auction of Angel products for 30 days. (Minutes, ECF No. 197.)

6. At a hearing on December 17, 2021, the Court issued the first of a series of orders staying the receivership. (Minutes, ECF No. 214.)

7. At a hearing on April 14, 2022, the Court denied Angel's motion without prejudice and with the understanding that if the stay is ever lifted, Angel may refile the motion. (Minutes, ECF No. 256.)

8. On August 16, 2022, the Court lifted the stay on the Limited Receivership. (Minutes, ECF No. 282.)

9. Since the lifting of the stay, Angel and Clear Management have negotiated for Angel to repurchase the 201 dealing shoes at the unit price of $1,500.00 for a total of $301,500.00. The market price for purchasing new Super Angel Eye dealing shoes is $4,200.00 per unit. It is the opinion of Clear Management that the market for the pre-owned dealing shoes items is extremely limited, given their age and the adverse storage conditions the shoes have been exposed to. No bids were received on the shoes before the initial auction was stayed.

10. Accordingly, Clear Management and Angel agree that the proposed repurchase price for the dealing shoes is reasonable and represents the maximum value that could be obtained for the pre-owned dealing shoes in the present market.

11. In 2016, IPI and Angel entered into an agreement for IPI to purchase a total of 1,935,360 decks of playing cards over a period of time. The final purchase and shipment of 161,2080 decks occurred in January 2020. Clear Management has yet to determine the number of decks in inventory. Because playing cards have a limited lifespan and are routinely destroyed or canceled when a casino takes them out of use, the inventory of decks is believed to be substantially less than 1.9 million.

12. Angel and Clear Management have agreed that Angel may repurchase any decks that are located at a price of $0.10 per deck. It is the opinion of Clear Management that the market for pre-owned playing cards is almost nonexistent, as they cannot be used in a casino and can only be used, if anything, for training purposes.

13. Accordingly, Clear Management and Angel agree that the proposed repurchase price for the card decks is reasonable and represents more than the maximum value that could be obtained for them in the present market.

14. The proposed sale of dealing shoes and card decks also avoids delay and litigation costs if Angel were to refile its motion to enjoin the auctioning of its products, and mitigates the risk that fewer than all units would sell at the initial auction.

15. Angel has also agreed to bear any and all shipping costs for repurchased products.

16. The Parties therefore agree that the proposed sale to Angel is in the best interest of IPI's creditors and maximizes the value that can be obtained through the sale of the dealing shoes.

17. Accordingly, the Parties petition the Court to issue an order setting a hearing, pursuant to LR 63.1(g), to confirm the proposed sale, on a date no sooner than ten (10) days from the date of the order so as to provide all interested parties with sufficient notice of the hearing.

Respectfully submitted: September 2, 2022.

/s/
Richard C. Miller
BANES HOREY BERMAN & MILLER, LLC
Attorneys for Angel Playing Cards, U.S.A., Inc.

/s/
Michael A. White, Esq.
Attorney for Clear Management Group

/s/
Aaron Halegua
Attorney for *Wang* Plaintiffs