F I L E D
Clerk
District Court
JAN 20 2024
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| U.S.A. FANTER CORPORATION, LTD., <br><br>Plaintiff, <br><br>v. <br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, <br><br>Defendant. | Case No. 1:20-cv-00003 <br><br> **MEMORANDUM DECISION AND ORDER ADOPTING DISTRIBUTION PLAN AND SETTING PROCEDURES FOR FUTURE DISBURSEMENTS** |

On October 26, 2021, this Court created a limited receivership in equity that appointed Clear Management as the Limited Receiver to auction off the casino gaming machines of Defendant Imperial Pacific International (CNMI), LLC ("IPI") that had an estimated value of $2,250,000 as of August 17, 2020, in order to satisfy the judgment against IPI. ("Receivership Order," ECF No. 166.) The Court permitted other judgment creditors of IPI to move to participate in the limited receivership, and numerous IPI creditors, including those with and without final judgments against IPI, filed notices to participate in the limited receivership. (Mem. Decision 3, ECF No. 305.) On October 5, 2022, IPI moved to stay the limited receivership because some of the initial judgment creditors had been satisfied. (Stip. Mot., ECF No. 298.) However, the Court denied the motion because numerous judgment creditors of IPI still remained unsatisfied. (Mem. Decision 1.)

At the January 18, 2024, hearing on federal Judgment Creditor Joshua Gray's Petition for an Order to Show Cause (ECF No. 401) for the approval of the proposed distribution of the approximately $1.5 million in auction proceeds as stipulated to between all known judgment creditors of IPI, the

1

Court determined that there was fair notice to all interested parties of the IPI Judgment Creditors' ("Judgment Creditors") Stipulation Concerning the Distribution Plan ("Distribution Plan") (ECF No. 401-1). The only judgment creditor against IPI that did not approve the Distribution Plan was Alfredo Cabael d/b/a Fritz Pacific Project Development Services (a sole proprietor), a pro se plaintiff in Civil Action No. 1:20-cv-00035 who was not known by any of the other Judgment Creditors or the Receiver prior to the hearing. Based on the matters adduced at the hearing about the status of Cabael's remaining $80,000 judgment balance, his late appearance in the Receivership, and the equity of providing some payment to the other Judgment Creditors, most of which have not previously received any payments from IPI, the Court denied Cabael's request to be included in the current Distribution Plan. Furthermore, the Court overruled the objections made by non-judgment creditors Hughes Hubbard & Reed LLP and the Genc plaintiffs in Civil Action Nos. 1:20-cv-00003 and 1:22-cv-00002 for the reasons stated on the record. (ECF Nos. 403-05.) The Court thereafter adopted, with additional terms stated herein, the Distribution Plan and approved the proposed distribution of $1,460,000 in net auction proceeds submitted by the Receiver in his Notice of Proposed Distribution of IPI Gaming Equipment Auction Proceeds. (ECF No. 416; Mins., ECF No. 418.)

Below the Court sets forth the adopted procedures of the Distribution Plan:

**Step 1: List of Judgment Creditors.** Step 1 of the Distribution Plan is to identify all parties who held a final judgment against IPI as of December 1, 2023, and list the amount of the judgment balance, exclusive of any post-judgment interest (together, the "Judgment Creditors"). Those creditors who do not yet have a final judgment against IPI are excluded. The CNMI's tax lien shall be treated the same as a final judgment for the purpose of the Distribution Plan. *See* 4 CMC § 1865. The result of Step 1 as of the issuance of this Memorandum Decision and Order is the following spreadsheet of known List of IPI Judgment Creditors and the amount of their judgment balances ("Distribution List"):

**LIST OF IPI JUDGMENT CREDITORS**

| Case Name | Case Number | Order Date | ECF/Filing ID | Attorney | Amount* |
|---|---|---|---|---|---|
| **Federal Court Judgments** | | | | | |
| Winzy Corporation | 20-cv-00028 | 5/18/21 | ECF 23 | Scoggins | $179,217.50 |
| USA Fanter Corp. Ltd. | 21-cv-00035 | 11/30/22 | ECF 34 | Thompson | $226,127.05 |
| Kan Pacific Saipan Ltd. | 21-cv-00034 | 12/2/22 | ECF 46 | Seman | $697,801.30 |
| Kan Pacific Saipan Ltd. | 23-cv-0011 | 11/29/23 | ECF 12 | Seman | $209,808.22 |
| Art Man Corporation | 21-cv-00038 | 1/17/23 | ECF 30 | Thompson | $106,890.00 |
| USA Fanter Corp. Ltd. | 20-cv-00005 | 3/20/23 | ECF 76 | Thompson | $500,000.00 |
| Joshua Gray | 19-cv-00008 | 5/31/23 | ECF 226 | Halegua | $5,686,182.20 |
| James Whang dba South Pacific Lumber Company | 21-cv-00027 | 8/29/23 | ECF 54 | Thompson | $795,236.88 |
| Tang's Corp. | 20-cv-0006 | 9/20/23 | ECF 133 | Scoggins | $191,070.56 |
| **CNMI Court Judgments** | | | | | |
| G4S | 20-0166-cv | 1/26/21 | 66283200 | White | $11,711.23 |
| RC | 20-0356-cv | 2/16/21 | 66341227 | Scoggins | $69,722.25 |
| Yu's, LLC | 20-0177-cv | 7/28/21 | 66803128 | Scoggins | $38,512.00 |
| Atkins Kroll | 20-0213-cv | 9/21/21 | 66949154 | White | $78,403.34 |
| Art Man Environmental Corp | 21-0078-cv | 12/28/21 | 67196030 | Scoggins | $83,555.78 |
| Michael Dotts | 21-0277-cv | 12/28/21 | 67195471 | Dotts | $396,625.62 |
| Ecolab (Guam) | 21-0130-cv | 2/2/22 | 67283195 | White | $17,629.84 |
| GT Building Systems International, Ptd., Ltd. | 20-0214-cv | 3/9/22 | 67377667 67730610 | Thompson | $761,658.80 |
| Hemine Ipwan Island dba IPWAN Security Services | 21-0179-cv | 12/13/22 | 68586446 | Thompson | $188,125.30 |
| Fujitec Pacific Inc. | 22-0171-cv | 1/5/23 1/26/23 4/14/23 | 68799828 68995567 69820829 | Thompson | $2,679,255.45 |
| Yantze Corp. | 21-0014-cv | 6/6/23 | 70144152 | Scoggins | $248,000.00 |
| **Tax Lien** | | | | | |
| CNMI Tax Lien | n/a | n/a | n/a | Rollins | $7,943,035.39** |

*Post-judgment interest has been excluded from these amounts.
**This is the outstanding amount of the CNMI's tax lien against IPI as of December 1, 2023.

(*See* App. A, ECF No. 401-1). A party that is not on the list will not receive a payment from the initial distribution of Auction Proceeds. Any party that satisfies the criteria herein and seeks to be added to the list must file with the Court a petition with the information called for in Exhibit A attached to this Memorandum Decision and Order.

**Step 2: Initial Distribution.** Step 2 of the Distribution Plan is that each Judgment Creditor who obtained a final judgment in the 2021 calendar year or prior shall receive an initial distribution of $20,000.00 (or the total amount of the judgment, if lower); each Judgment Creditor who obtained a final judgment in the 2022 calendar year or later shall receive an initial distribution of $15,000.00 (or the total amount of the judgment, if lower) (the "Initial Distribution"). This method is deemed to be far easier to administer than trying to calculate the appropriate post-judgment interest for every Judgment Creditor, but still recognizes that some Judgment Creditors have held final judgments for longer than other Judgment Creditors. In the event that a judgment creditor has multiple judgments against IPI, such as USA Fanter, Fujitec Pacific Inc., or Kan Pacific Saipan Ltd., the judgment creditor will only receive a single initial distribution with the amount determined by its oldest judgment.

**Step 3: Pro-Rata Share.** Step 3 is to calculate each Judgment Creditor's pro-rata share of the Auction Proceeds that remain. The initial distribution received by each Judgment Creditor is subtracted from their judgment amount to determine their "Remaining Judgment Amount." These values are then totaled and each Judgment Creditor's "Pro Rata Share" of that total is then determined. The Pro-Rata Share was calculated by the Receiver in its proposed distribution of auction proceeds and is adopted herein as shown in Step 5 below.

**Step 4: Pro-Rata Distribution.** Step 4 is to calculate the distribution to each Judgment Creditor of the remaining available funds. Therefore, the total amount of the Initial Distributions is subtracted from the Auction Proceeds to determine the "Remaining Funds." The Pro Rata Share of each Judgment Creditor is then multiplied by the Remaining Funds to determine their "Pro Rata

Distribution of Remaining Funds." The Pro-Rata Distribution was calculated by the Receiver in its proposed distribution of auction proceeds and is adopted herein as shown in Step 5 below.

**Step 5: Total Distribution.** Step 5 is to calculate the "Total Distribution" to each Judgment Creditor by adding the amount of their Initial Distribution together with their Pro Rata Distribution of Remaining Funds. The Court approved the Receiver's proposed distribution as shown in Exhibit A to the Receiver's Notice. (ECF No. 416.) Accordingly, the total distribution of $1,460,000 of the net auction proceeds is to be distributed to each Judgment Creditor as follows:

Distribution of $1,460,000.00

| Case Name | Case Number | Amount (no post-judgment interest) | Initial Distribution (pre/post-2022) | Initial Distribution | Judgment Amount | Pro Rata Share (of Remaining Judgment Amounts) | Pro Rata Distribution of Remaining Funds | Total Distribution |
|---|---|---|---|---|---|---|---|---|
| **Federal District Court** | | | | | | | | |
| Winzy Corporation | 20-cv-00028 | $179,217.50 | $15,000.00 | $20,000.00 | $159,217.50 | 0.76577% | $8,754.95 | $28,754.95 |
| USA Fanter Corp. Ltd. | 21-cv-00035 | $226,127.05 | $20,000.00 | $15,000.00 | $211,127.05 | 1.01543% | $11,609.31 | $26,609.31 |
| Kan Pacific Saipan Ltd. | 21-cv-00034 | $697,801.30 | | $15,000.00 | $682,801.30 | 3.28398% | $37,545.42 | $52,545.42 |
| Kan Pacific Saipan Ltd. | 23-cv-0011 | $209,808.22 | | $0.00 | $209,808.22 | 1.00909% | $11,536.79 | $11,536.79 |
| Art Man Corporation | 21-cv-00038 | $106,890.00 | | $15,000.00 | $91,890.00 | 0.44195% | $5,052.79 | $20,052.79 |
| USA Fanter Corp. Ltd. | 20-cv-00005 | $500,000.00 | | $0.00 | $500,000.00 | 2.40479% | $27,493.67 | $27,493.67 |
| Joshua Gray | 19-cv-00008 | $5,686,182.20 | | $15,000.00 | $5,671,182.20 | 27.27598% | $311,843.18 | $326,843.18 |
| James Whang dba South Pacific Lumber Company | 21-cv-00027 | $795,236.88 | | $15,000.00 | $780,236.88 | 3.75261% | $42,903.14 | $57,903.14 |
| Tang's Corp. | 20-cv-0006 | $191,070.56 | | $15,000.00 | $176,070.56 | 0.84682% | $9,681.65 | $24,681.65 |
| **CNMI Superior Court** | | | | | | | | |
| G4S | 20-0166-cv | $11,711.23 | | $11,711.23 | $0.00 | 0.00000% | $0.00 | $11,711.23 |
| RC | 20-0356-cv | $69,722.25 | | $20,000.00 | $49,722.25 | 0.23914% | $2,734.09 | $22,734.09 |
| Yu's, LLC | 20-0177-cv | $38,512.00 | | $20,000.00 | $18,512.00 | 0.08903% | $1,017.93 | $21,017.93 |
| Atkins Kroll | 20-0213-cv | $78,403.34 | | $20,000.00 | $58,403.34 | 0.28090% | $3,211.44 | $23,211.44 |
| Art Man Environmental Corp | 21-0078-cv | $83,555.78 | | $20,000.00 | $63,555.78 | 0.30568% | $3,494.76 | $23,494.76 |
| Dotts | 21-0277-cv | $396,625.62 | | $20,000.00 | $376,625.62 | 1.81141% | $20,709.64 | $40,709.64 |
| Ecolab (Guam) | 21-0130-cv | $17,629.84 | | $15,000.00 | $2,629.84 | 0.01265% | $144.61 | $15,144.61 |
| GT Building Systems International, Ptd., Ltd. | 20-0214-cv | $761,658.80 | | $15,000.00 | $746,658.80 | 3.59111% | $41,056.78 | $56,056.78 |
| Hemine Ipwan Island dba IPWAN Security Services | 21-0179-cv | $188,125.30 | | $15,000.00 | $173,125.30 | 0.83266% | $9,519.70 | $24,519.70 |
| Fujitec Pacific Inc. | 22-0171-cv | $2,679,255.45 | | $15,000.00 | $2,664,255.45 | 12.81394% | $146,500.30 | $161,500.30 |
| Yantze Corp. | 21-0014-cv | $248,000.00 | | $15,000.00 | $233,000.00 | 1.12063% | $12,812.05 | $27,812.05 |
| **Tax Lien** | | | | | | | | |
| CNMI Tax Lien | | $7,943,035.39 | | $20,000.00 | $7,923,035.39 | 38.10643% | $435,666.58 | $455,666.58 |
| **Totals:** | | $21,108,568.71 | | $316,711.23 | $20,791,857.48 | | $1,143,288.77 | $1,460,000.00 |

Total Funds for Dist.: $1,460,000.00

Funds after Initial Dist.: $1,143,288.77

5

**Step 6: Disbursement.** The Receiver shall make payment of the proper distribution amount to each Judgment Creditor within ten business days of the Court's final order. The Judgment Creditors shall comply with all reasonable requests by the Receiver to timely provide payment information.

**Step 7: Future Distributions.** If subsequent auctions result and additional proceeds become available for disbursement, the Receiver shall file a notice exhibiting the fund's proposed distribution. For any future disbursements from the Receiver, the proposed distribution shall use the pro-rata share for each Judgment Creditor in this Distribution Plan, ***or a revised pro-rata share to include any subsequently added Judgment Creditor by Court order.*** If a party believes that it was improperly omitted from this initial Distribution List, it may file the form set forth in Exhibit A of this Memorandum Decision and Order and provide evidence of its judgment and additional evidence to support the balance remaining in order to qualify for future disbursements. Any other Judgment Creditor with a judgment against IPI as of December 1, 2023, may submit the form in Exhibit A to object to future disbursements. All parties shall have ten days to object to the Receiver's notice. If there are no meritorious objections filed within the time period, the Court may approve the distribution without a hearing. No Judgment Creditor shall receive any distribution beyond the total amount of their judgment indicated in the Distribution List. In the event that a Judgment Creditor receives other funds (outside of this process) to satisfy or partially satisfy their judgment, the Judgment Creditor must file a notice with the Court within seven calendar days so that the Judgment Creditor is not distributed funds through this process in excess of their judgment amount set forth in the Distribution List.

IT IS SO ORDERED on this 20th day of January 2024.

RAMONA V. MANGLONA
Chief Judge